UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
:
KEVIN SPELLS, *pro se,*                               :
:
                Plaintiff,      :    **SUMMARY ORDER**
:
        -against-                           :    09-cv-1942 (DLI)(LB)
:
ROSLYNN R. MAUSKOPF,                                  :
:
                Defendant.      :
:
------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On May 4, 2009, plaintiff Kevin Spells, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against the Honorable Roslynn R. Mauskopf, United States District Judge. He seeks damages totaling $1 million. Plaintiff's application to proceed *in forma pauperis* is granted solely for the purpose of this Summary Order, and the complaint is dismissed for the reasons set forth below.

## BACKGROUND

In 2006, plaintiff commenced a *pro se* action in this court under docket number 06-cv-3448 that was assigned to the Honorable Eric N. Vitaliano, a judge of this court, by random selection. On September 6, 2006, Judge Vitaliano dismissed the complaint for lack of jurisdiction. On February 28, 2008, the United States Court of Appeals for the Second Circuit dismissed the appeal. While that appeal was pending, in 2007, plaintiff commenced another *pro se* action, presently pending before Judge Vitaliano under docket number 07-cv-5038. In April 2009, plaintiff commenced an action against Judge Vitaliano alleging that he "acted in an

'unofficial manner'[] [b]y depriving the plaintiff's request to have a Grand Jury investigation conducted to rescue the endangered thirteen (13) year-old 'child crime victim' named 'Kimberly Rockell Rivera Martinez.'" *Spells v. Vitaliano*, No. 09-CV-1589 (RRM), Compl. at 2.

By Memorandum and Order dated April 20, 2009, Judge Mauskopf dismissed plaintiff's *pro se* action against Judge Vitaliano as he is entitled to judicial immunity. Now, plaintiff brings this action against Judge Mauskopf, alleging similar claims against her that plaintiff previously raised against Judge Vitaliano.

## STANDARD OF REVIEW

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 529 (1972)); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Pursuant to the *in forma pauperis* statute, however, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is "frivolous" if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of

2

the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted).

## DISCUSSION

Plaintiff, who is apparently dissatisfied with Judge Mauskopf's decision in *Spells v. Vitaliano*, No. 09-cv-1589 (RRM), claims that she violated his rights by dismissing his action. (Compl. at 2–3.) This claim is meritless. It is well settled that judges have absolute immunity from suits for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (citation omitted). As the alleged wrongdoings of Judge Mauskopf were acts performed in a judicial capacity, plaintiff's claims are foreclosed by this absolute immunity and must be dismissed. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

As this is plaintiff's second action against two judges of this court for acts performed in their judicial capacities, the court warns plaintiff that the filing of similar actions seeking *in forma pauperis* status may result in an order enjoining plaintiff from filing such actions in this court without first obtaining leave to file.

3

*See MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999) (a district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993) (federal courts "may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities").

## CONCLUSION

For the reasons set forth above, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED

Dated: Brooklyn, New York
July 8, 2009

/s/
DORA L. IRIZARRY
United States District Judge

4